# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NOEL WAITE, | ) |
| Plaintiff, | ) |
| | ) 2:11-cv-01741-LRH-VCF |
| v. | ) |
| | ) **REPORT & RECOMMENDATION** |
| CLARK COUNTY COLLECTION SERVICES, LLC *et al.,* | ) |
| | ) (Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 #28) |
| Defendant. | ) |

## REPORT & RECOMMENDATION

Before the court is plaintiff Waite's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11. (#28). Defendant Clark County Collection Services, LLC (hereinafter "Collection Services") filed an Opposition (#34), and plaintiff Waite filed a Reply (#42). The court held an evidentiary hearing on September 24–25, 2012. (#44 and #47).

**Relevant Facts**

Plaintiff Waite filed her complaint against Collection Services on October 28, 2011, asserting claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter "FDCPA"), and harassment. (#1). Attorney of record for plaintiff Waite is Jennifer Hsiao-Wei Tsai, of counsel to Lemberg & Associates, LLC (hereinafter "Lemberg Firm"). *Id.* Ms. Tsai provided the court with her Las Vegas address and telephone number as well as the address and telephone number for the Lemberg Firm. *Id.* Ms. Tsai also provided the court with the email address JENNIFER@JTLAWGROUP.COM. Collection Services filed an answer on December 7, 2012, asserting sixteen affirmative defenses. (#6).

The court signed the parties' proposed discovery plan and scheduling order (#8) on March 26, 2012. (#9). The discovery plan and scheduling order was electronically signed by Ms. Tsai and defense

counsel Nicole E. Lovelock. *Id.* On May 15, 2012, Ms. Tsai filed plaintiff's acceptance of defendant's offer of judgment in the amount of $1,001.00. (#11). On May 15, 2012, the Clerk of the Court entered judgment in favor of plaintiff Waite. (#12).

On May 29, 2012, plaintiff Waite filed a motion for attorneys' fees. (#13). On June 15, 2012, defendant filed an opposition (#14) and a counter-motion for referral to the State Bar of Nevada (#15), which, pursuant to LR IB 1-3 and 28 U.S.C § 636(b)(1)(A), was automatically referred to the undersigned Magistrate Judge for hearing and final determination. On June 25, 2012, the Honorable Larry R. Hicks referred plaintiff's motion for attorneys' fees (#13) to the undersigned Magistrate Judge. This referral, pursuant to LR IB 1-4 and 28 U.S.C. § 636(b)(1)(B), designates the undersigned to conduct hearings, including evidentiary hearings, and to submit to Judge Hicks proposed findings of fact and recommendations for disposition of the motion. On July 11, 2012, Sergei Lemberg filed a verified petition for permission to practice *Pro Hac Vice*. (#18). Defendant Collection Services filed an opposition on July 12, 2012 (#19), and Sergei Lemberg filed a reply in support of his petition on July 13, 2012 (#20).

On July 26, 2012, the undersigned issued an order scheduling an evidentiary hearing for September 24, 2012. (#24). The court stated that the evidentiary hearing is necessary because, "[a]t this stage in the proceedings, it appears that a number of intertwined facts and legal issues must be resolved to enable disposition of these two motions (#13 and #15) and the petition (#18)." *Id.* On August 6, 2012, plaintiff filed a reply in support of her motion for attorneys' fees (#13) and an opposition to defendant's counter-motion for referral to the State Bar of Nevada (#15). (#25). On August 24, 2012, plaintiff Waite filed a motion for sanctions pursuant to Rule 11. (#28). The motion for sanctions (#28) was referred to the undesigned, also pursuant to LR IB 1-4 and 28 U.S.C. § 636(b)(1)(B), for Review and Recommendation.

On September 4, 2012, the court issued a minute order scheduling a hearing on the motions for sanctions (#28) for September 24, 2012. (#29). The court ordered that any opposition to the motion

for sanctions was due by September 13, 2012, and that any reply was due by September 20, 2012. *Id.* On September 10, 2012, defendant Collection Services filed a reply in support of their motion for referral to the State Bar of Nevada. (#32). On September 13, 2012, defendant Collection Services filed a response to plaintiff's motion for sanctions under Rule 11 (#28). (#34). On September 19, 2012, the court entered an order requiring plaintiff Waite and a representative from Collection Services to be present at the September 24, 2012, hearing. (#40). On September 20, 2012, plaintiff filed a reply in support of her motion for sanctions under Rule 11. (#42).

The court held an evidentiary hearing on September 24, 2012. (#44). At the beginning of the hearing, the undersigned Magistrate Judge granted Sergei Lemberg's petition to practice Pro Hac Vice (#18) and denied as moot defendant Collection Services's counter-motion for referral to the State Bar of Nevada (#15). *Id.* Sergei Lemberg, Olga Voytovych, Tammy Hussin, Mark A. Dubois, and plaintiff Waite testified at the first day of the evidentiary hearing. *Id.* At the conclusion of the testimony, court adjourned, and the hearing was continued until Tuesday, September 25, 2012, at 1:00 p.m. *Id.* On Tuesday, Ms. Tsai testified and counsel made closing arguments. (#47). On October 16, 2012, the court issued a Report and Recommendation recommending that the District Judge grant in part and deny in part plaintiff's motion for attorneys' fees (#13). (#48).

**Motion for Sanctions Under Rule 11**

Plaintiff asks this court to impose sanctions pursuant to Fed. R. Civ. P. 11 against defendant Collection Services and attorneys Patrick J. Reilly and Nicole E. Lovelock for "filing and presenting to the [c]ourt a document (Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Acceptance of Offer of Judgment) populated with disparaging conjecture and surmise." (#28). Plaintiff asserts that defendant and its counsel "continue to maintain their veracity in the absence of even minimal inquiry or scintilla of proof." *Id.*

    **A.**    **Relevant Law**

Pursuant to Fed. R. Civ. P. 11(b), "[b]y presenting to the court a pleading, written motion, or

3

other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information."

Rule 11(c), provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Fed. R. Civ. P. 11(c)(1). "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

The "requirement for the imposition of sanctions is mandatory if the court finds that Rule 11 has been violated." *Huettig & Schromm, Inc. v. Landscape Contractors Council of N. California,* 790 F.2d 1421, 1426 (9th Cir. 1986). "The selection of an appropriate sanction "is ordinarily left in the first instance to the discretion of the district court, and it will not be disturbed on appeal absent a showing

4

1    of an abuse of discretion." *Id* at 1427 (quoting *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1178 (D.C.
2    Cir.1985)).  Rule 11 "was designed to create an affirmative duty of investigation both as to law and as
3    to fact before motions are filed," and "[i]t creates an objective standard of "reasonableness under the
4    circumstances."" *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir.
5    1986)(quoting Advisory Committee Note, 97 F.R.D. 165, 198 (1983)).  The Ninth Circuit "has
6    identified the two major problems to which the amendments [to Rule 11] were directed as the problem
7    of "frivolous filings" and the problem of "misusing judicial procedures as a weapon for personal or
8    economic harassment."" *Id* at 1537 (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th
9    Cir.1986)).

10         **B.**      **Discussion**

11         The court finds that while the opposition to the motion for attorneys' fees (#14) and the motion
12   for referral to the State Bar of Nevada (#15) contained inappropriate language, which, as the court stated
13   during the hearing, does not assist the court in making its ruling and is irrelevant to the issues before
14   the court, defendant Collection Services did not violate Rule 11.  As demonstrated in the court's report
15   and recommendation on plaintiff's motion for attorneys' fees (#48), the defendant and its counsel had
16   a basis for objecting to the motion for attorneys' fees, and the factual allegations were supported by
17   evidence.  *See* Fed. R. Civ. P. 11(b)(3).  There were several issues raised in the papers that the court
18   needed to address, which necessitated a two-day evidentiary hearing (#44 and #47).

19         The court finds that the opposition (#14) and motion for referral (#15) were "not being presented
20   for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost
21   of litigation," but were filed to bring the issues to the court's attention and attempt to ensure that the
22   Lemberg Firm adheres to the applicable rules.  *See* Fed. R. Civ. P. 11(b)(1).  This finding is supported
23   by the fact that attorney Mr. Reilly sent an email to Mr. Lemberg stating that Collection Services "will
24   withdraw its opposition and counter-motion and pay judgment, and costs of suit (the filing fee and
25   service) in exchange for a waiver of attorney's fees, a satisfaction of judgment, and a promise by [the
26

5

Lemberg] firm to (1) get a Nevada business license and register with the Secretary of State; and (2) give [him] the assurance that Ms. Herdman will act as legitimate lead counsel on a going forward basis in cases filed by [the Lemberg] firm in Nevada." (Plaintiff's Hearing Exhibit 48)[1]. The court will not impose sanctions under Fed. R. Civ. P. 11.

### RECOMMENDATION

IT IS FURTHER RECOMMENDED that plaintiff Waite's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (#28) be DENIED.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of October, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's Hearing Exhibit 48 demonstrates that defense counsel was not opposing the attorneys' fee request for an improper purpose and was reaching out to negotiate a settlement of this particular dispute and to resolve the perceived impropriety of the Lemberg Firm's business plan.