# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| NOEL WAITE, | 2:11-cv-01741-LRH-VCF |
| Plaintiff, | **REPORT AND RECOMENDATION** |
| vs. | [(1) Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (#33) and (2) Motion for Attorneys' Fees by Clark County Collection Service, LLC (hereafter "CCCS") (#63)] |
| CLARK COUNTY COLLECTION SERVICE, LLC, | |
| Defendant. | |

Before the court are (1) Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (#33) and (2) Motion for Attorneys' Fees by Clark County Collection Service, LLC (hereafter "CCCS") (#63).

**INTRODUCTION**

On January 31, 2012, The Honorable Larry R. Hicks referred to the undersigned Magistrate Judge for Report and Recommendation, pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4:   (1) Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (#33) and (2) Motion for Attorneys' Fees by CCCS (#63).

Plaintiff's total recovery in this case was $1,001.00 pursuant to an accepted Offer of Judgment (#11).  The Clerk's Judgment in that amount was entered on May 15, 2012 (#12).  Since that time, the parties have engaged in extensive motion practice, including an evidentiary hearing which consumed the better part of two days, disputing issues of attorneys' fees and sanctions.  On May 29, 2012, Plaintiff

filed a Motion for Attorney's Fees and Costs.[1] (#13). Defendant filed an Opposition to Plaintiff's Motion for Attorneys' Fees and Costs Pursuant to Acceptance of Offer of Judgment and Countermotion for Referral to State Bar of Nevada on June 15, 2012.[2] (#15). On August 24, 2012, Plaintiff filed a Motion for Sanctions Pursuant to Fed. R. Civ. P. 11.[3] (#28)

Plaintiff's Motion for Attorneys' Fees (#13) was granted, awarding $1,485.00 in fees and $426.80 in costs (#'s 48 & 60). Judgment on that award was entered on January 7, 2013 (#61). Plaintiff has appealed (#62). Plaintiff's first Motion for Sanctions (#28) was denied (#s 49 & 60). Plaintiff has appealed (#62).

On September 10, 2012, before briefing was complete on (#28), Plaintiff filed a Motion for Sanctions Pursuant to 28 U.S.C. § 1927.[4] (#33). Pursuant to a stipulation between the parties, the time for Defendant to oppose the second motion for sanctions was extended, and Defendant filed its Opposition (#52) on October 31, 2012. Plaintiff has not filed a reply in support of its second motion for sanctions.

On January 22, 2013, Defendant filed its Motion for Attorneys' Fees by CCCS (#63).[5] Plaintiff filed her Opposition (#67) on February 8, 2013. Defendant filed its Reply (#68) on February 19, 2013.

The parties and their counsel have devoted considerable time and resources disputing the manner in which both sides have litigated this case. Having read their filings and observed the conduct of counsel in court, I conclude that a good faith disagreement regarding multijurisdictional practice and its

---

[1] Plaintiff sought an award of $4,520.00 in attorney's fees and $426.80 in costs.
[2] Defendant also requested the matter to be referred to the State Bar of Nevada for further investigations into ethical violations and unauthorized practice of law.
[3] Plaintiff moved pursuant to Fed. R. Civ. P. 11 for sanctions against Defendant Clark County Collection Services, LLC and its counsel Patrick J. Reilly and Nicole E. Lovelock.
[4] Plaintiff seeks sanctions against attorneys Patrick J. Reilly and Nicole E. Lovelock of the law firm of Holland and Hart.
[5] Defendant requests an award of attorneys' fees in the amount of $24,520.50 against Plaintiff's counsel Sergei Lemberg, Esq. and the law firm of Lemberg & Associates.

regulation by this court has, for the most part, motivated the extremely zealous advocacy on both sides. For the reasons set forth below, however, I find that Plaintiff's counsel's conduct with respect to the second Motion for Sanctions (#33) was sanctionable and recommend an award against the firm of Lemberg & Associates, LLC, and Sergei Lemberg, jointly and severally, in the amount of $1,882.50.

**JURISDICTION**

On January 21, 2013, Plaintiff filed a Notice of Appeal discussed above (#62). Never-the-less, this court retains jurisdiction to decide the two pending motions for sanctions in the form of attorneys' fees.

A notice of appeal only transfers jurisdiction to the appellate court over matters contained in the appeal. Allowing the District court to retain jurisdiction to consider a motion for attorneys' fees, and sanctions in the form of attorneys' fees, "prevents hasty consideration of postjudgment fee motions and also prevents the postponement of fee considerations until after the circuit court mandate, when the relevant circumstances will no longer be fresh in the mind of the district judge." *Masalosalo v. Stonewall Insurance*, 718 F.2d 955, 956 (9th Cir. 1983); *In re Barbara Melinda Henson*, Debtor, 2011 WL 5373984 (D Nev., 2011).

**PLAINTIFF'S SECOND MOTION FOR SANCTIONS**

Plaintiff's arguments in support of her second Motion for Sanctions are substantially similar to the arguments she advanced in her first Motion for Sanctions. The court notes two minor differences: (1) The first Motion for Sanctions, but not the second one, contains an argument that the defense counsel engaged in a type of unauthorized practice of law; and (2) the second Motion for Sanctions, and not the first one, contains an argument that defense counsel deceptively misquoted one of this Court's local rules.

These differences do not lead to a different result. For the same reasons set forth in the Report and Recommendation that (#28) Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 be

denied, it is hereby recommended that (#33) Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 also be denied.

**MOTION FOR ATTORNEYS' FEES BY CCCS**

Recognizing that an extraordinary amount of attorney time and judicial resources had already been devoted to the issues raised in this case through October 22, 2012, at the conclusion of the second day of the evidentiary hearing on Motions numbered 13, 15 & 28, counsel for Defendant requested a stipulation that an opposition to Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (#33), could be delayed at least until after these three motions were decided by the court. Transcript of Proceedings #51 at 171, line 1. Counsel for Plaintiff agreed in part, and an order was entered, to extend the opposition deadline until after the filing of the undersigned's Report and Recommendation, as follows:

> Okay. So I'll take this under submission. Thank you very much.
> 
> MR. KENNEDY: Thank you, Your Honor.
> 
> MR. REILLY: Your Honor, there is a pending motion for sanctions under Section 1927.
> 
> THE COURT: Yes. Thank you. That has not yet been referred to me. So I don't know what Judge Hicks is going to do with that. If he does refer it to me, I certainly will address it.
> 
> MR. REILLY: The opposition is due on Thursday, I believe. I would ask in open court if counsel would be willing to stipulate to extend the deadline to file an

1   opposition until after this matter is decided by the

2   Court.

3   MR. KENNEDY: Until after we get Judge

4   Ferenbach's recommendation?

5   MR. REILLY: Well, I'll be willing to take that

6   to start. I think it's going to be -- filing an

7   opposition is going to be a futile effort, and so that's

8   why I'm asking if we're going to be forced to file an

9   opposition.

10  MR. KENNEDY: We'll wait until we get Judge

11  Ferenbach's recommendation. I think that would be

12  valuable.

13  MR. REILLY: Okay.

14  THE COURT: So it is noted on the record that

15  the opposition to -- and if you could look up what number

16  it is -- Let's see. I think it's 33. Right? Motion for

17  sanctions filed by Noel Waite on September 10th.

18  UNIDENTIFIED SPEAKER: It is docket 33, Your

19  Honor.

20  THE COURT: Right. Okay. So the time to

21  respond to the motion number 33 will be -- make it 15 days

22  after entry of my written report and recommendation on

23  today's -- yesterday and today's hearing.

24  MR. REILLY: Thank you, Your Honor.

25

MR. KENNEDY: Thank you, Your Honor.

THE COURT: That will be the order.

#51 at 170, line 18 through 172, line 7.

Plaintiff's Opposition (#67) does not challenge the description of work performed or amount charged for that work as set forth in Exhibit I to Defendant's Motion for Attorney Fees (#63). The last page of Exhibit I (#63 at 86) details defense counsel's billable time immediately after entry of the Report and Recommendation denying Plaintiff's first motion for sanctions, as follows:

10/16/2012 10218515 5528 Reilly, Patrick J. A $97.50 1194999 11/12/2012 $97.50 B 0.3 0.3 Review court order;
10/17/2012 10220955 5528 Reilly, Patrick J. A $32.50 1194999 11/12/2012 $32.50 B 0.1 0.1 Review Order Denying Rule 11 Motion;
10/18/2012 10220961 5528 Reilly, Patrick J. A $65.00 1194999 11/12/2012 $65.00 B 0.2 0.2 Work on letter to Dennis Kennedy;
10/18/2012 10229417 5634 Lovelock, Nicole E A $178.50 1194999 11/12/2012 $178.50 B 0.7 0.7 Prepared letter to opposing counsel regarding sanctions;
10/22/2012 10224288 5528 Reilly, Patrick J. A $32.50 1194999 11/12/2012 $32.50 B 0.1 0.1 Review e-mail from Sergei Lemberg;
10/24/2012 10224282 5528 Reilly, Patrick J. A $32.50 1194999 11/12/2012 $32.50 B 0.1 0.1 Work on Countermotion for Sanctions;
10/29/2012 10229358 5634 Lovelock, Nicole E A $433.50 1194999 11/12/2012 $433.50 B 1.7 1.7 Prepare opposition to motion for fees and Countermotion for sanctions;
10/30/2012 10229355 5634 Lovelock, Nicole E A $816.00 1194999 11/12/2012 $816.00 B 3.2 3.2 Prepared opposition to Motion for Sanctions and Countermotion for fees; researched
authority for sanctions and safe harbor for Rule 11;
10/31/2012 10235555 5528 Reilly, Patrick J. A $162.50 1194999 11/12/2012 $162.50 B 0.5 0.5 Work on Opposition to Motion for Sanctions;
10/31/2012 10242284 5634 Lovelock, Nicole E A $535.50 1194999 11/12/2012 $535.50 B 2.1 2.1 Finalized countermotion for Rule 11 sanctions; finalized billing as evidence;

The letter to Dennis Kennedy, referenced above, is attached to Defendant's Motion for Attorneys' Fees as Exhibit E and Mr. Lemberg's reply by e-mail dated October 22, 2012, also referenced in the billing memo, is attached as Exhibit F. It was unreasonable for plaintiff's counsel to require a response to the substantially similar second motion for sanctions (#33), when a Report and Recommendation (#49) had been entered recommending denial of the first motion for sanctions (#28). Since Plaintiff's counsel was apparently contemplating filing an Objection to #49 on October 22nd, Plaintiff's counsel should certainly have extended the time to oppose #33 at least until after Judge Hick's ruling on that objection. This conduct by Plaintiff's counsel justifies the imposition of sanctions

pursuant to 28 U.S.C. § 1927.  This conduct "multiplied the proceedings . . . unreasonably and vexatiously."  28 U.S.C. § 1927.

The court also notes that, despite plaintiff's counsel unreasonably and vexatiously requiring defense counsel to file an opposition to the second motion for sanctions, on November 2, 2012, defense counsel granted plaintiff's counsel's request to extend the time within which plaintiff may file objections to #'s 48 and 49.  Stipulation for Extension of Time and Order on Stipulation (#'s 53 & 54).  It is extremely difficult for one side in a lawsuit to maintain a level of professionalism when the other side is being unreasonable and vexatious.  Since Plaintiff's counsel proffered a reasonable excuse for requiring an extension, defense counsel is to be commended for maintaining his professionalism despite the fact that Plaintiff's counsel had refused an equally reasonable request for an extension, which had required an unnecessary filing just two days earlier.

Pursuant to the statute, Plaintiff's counsel are required to "satisfy personally the excess . . . attorneys' fees reasonably incurred because of such conduct."  The charges set forth above are reasonable and were, with the exception of the entries on October 16, 2012 to October 17, 2012, incurred because of misconduct by Mr. Lemberg.

## RECOMMENDATION

IT IS THE RECOMMENDATION of the Undersigned Magistrate Judge that Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (#33) be DENIED as discussed above.

IT IS FURTHER RECOMMENDED that Motion for Attorneys' Fees by Clark County Collection Service, LLC (hereafter "CCCS") (#63) be GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER RECOMMENDED that Plaintiff pays the attorneys' fees in the amount of $1,882.50 within thirty days from the date the District Judge issues a ruling on this Report & Recommendation.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 5th day of March, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE